*Garnett, Winfrey, for appellant.*
*James, for appellee.*

---

## JAMES LANE'S HEIRS v. JOICEY SHEARER, &C.

**Descent and Distribution—Advancements—Value of Dower to Be Deducted.**

> The decedent advanced to his daughters a tract of land each in which the widow claims dower. In the settlement of the estate the value of the dower should be deducted from the price of the land with which the daughters are charged as an advancement.

**Descent and Distribution—Property Sold to Husband Can Not Be Charged to Wife.**

> The fact that the father kept an account of advancements and failed to charge his daughter with this sum of money for property he had let her husband have, is conclusive that it was not given to the daughter, but sold to the husband and she should not be made to account for it.

APPEAL FROM CLARK CIRCUIT COURT.

October 7, 1871.

OPINION BY JUDGE PRYOR:

James Lane in his lifetime made advancements to his children, an account of which he kept, showing the amount, kind, and value of the property he had given to each one of them.

He had advanced to his two daughters, Mrs. Shearer and Mrs. Collins, a tract of land each, valued at ten dollars per acre. The tract conveyed by him to Mrs. Collins contained 149 acres, and the tract conveyed to Mrs. Shearer contained 90 acres. After the death of James Lane, his widow, who was his second wife, claimed dower in the land conveyed to these two daughters, she not having signed the deed made by her husband or relinquished her dower in any way. In these consolidated causes of *Fielding Lane v. J. Shearer, &c.,* and *Collins and wife v. Henry et al.,* these two daughters allege that they have been compelled to pay the widow for her dower in these lands, and that in a settlement of the estate of James Lane, their father, in making the charge against them for advancements, there should be deducted the value of the widow's dower in the lands conveyed to them, or the amount they have had to pay the widow for the same.

These suits involve the settlement of the estate, and a distribution between the children, and we see no reason why the value of this dower should not be deducted from the price of this land with which they are charged. They were deprived of a part of the property they received as an advancement, and it is but equitable and proper that they should not be charged with it.

Mrs. Shearer was credited by the sum of $245, and Mrs. Collins by the sum of $320, that is, these sums were deducted from the price with which they were charged for the same and were the amounts paid the widow for her dower, and as it produces an equity in the distribution of the property between all the children, this court will not disturb it.

This land given to the daughters was valued at ten dollars per acre by the donor, their father, and this valuation must control. The reason James Lane, the father, assigned for fixing the value of the land to Mrs. Collins at ten dollars per acre was that his other children had the use of what he had given them

for several years, whilst he had given to Mrs. Collins up to that time but a small portion of his estate. Mrs. Shearer should not have been charged with interest on the note executed for the purchase of the property by her at the sale, as it was coming to her as one of the children, and was, in fact, her part of her father's estate.

The other children obtained their part of the estate at the same time, and she was certainly entitled to receive her portion also.

The commissioner acted properly in refusing to charge Mrs. Shearer with the sum of $740, alleged to have been advanced to her by her father and not charged. The fact· that the father kept an account of advancements and failed to charge his daughter with this sum of money for property he had let her husband have is conclusive that it was not given to the daughter, but sold to the husband; at any rate, the daughter should not be made to account for it.

The attempt to make Mrs. Shearer responsible for this $740, as an advancement, and the effort to set aside the deeds to the two daughters for the alleged reason that the father was incompetent to execute such instruments seems to have been induced by the effort on the part of the two daughters to lessen the amount of the advancements made to them by reason of the widow's claim for dower. The father at the time of the execution of these deeds had capacity sufficient to understand and know what he was doing. The commissioner's report charges all the children with the advancements made to each, and in the distribution of the assets each child is made equal, and none of them ought to complain. We perceive no error in the judgment of the court below and the same is now *affirmed.*

*Eginton,* for *appellants.*

*Simpson,* for *appellees.*